No. 566

### AMERICAN GUARANTY CO. v. SUPPLY CO. et al

No. 19837. Supreme Court

On motion to certify. Dock. May 25, 1926.

167. BONDS—Does a bond given by a general contractor to a Board of Education inure to the benefit of subcontractors when the Bonding Company has completed the structure for which the contract was let upon the default of the general contractor?

Cliff Wood Coal & Supply Company and other subcontractors brought this suit originally in the Hardin Common Pleas against the American Guaranty Company to recover for the default of Potts Brothers, contractors, in constructing a building for the Board of Education of Alger Village School District.

It appears that the American Guaranty Co. as surety and Potts Brothers as principal gave bond to the Board of Education for the faithful performance of a contract to construct a building.

Potts Brothers defaulted and it was necessary for the Guarnaty Company to complete the building and the subcontractors by this action are attempting to recover under the bond.

The judgment of the Common Pleas in favor of the sub-contractors and against the American Guaranty Company was affirmed by the Appeals.

The Guaranty Company in the Supreme Court contends:

1. That the bond was given to indemnify the Board of Education only and that it should not secure the contractors.

2. That the subcontractors were not parties to the bond and therefore should not recover thereunder.

3. That as the Board of Education did not suffer any loss by the default of the general contractor the subcontractors should not be able to recover under the bond.

Attorneys—Williams, Sinks, Gearheart & Williams, Columbus; C. W. Faulkner, Kenton, for Pltf.; Stillings & Johnson, Kenton; D. R. Tripplehorn, Lima, for Deft.

No. 567

### SAWYER v. LYON

No. 19851. Supreme Court

On motion to certify. Dock. May 28, 1926.

997. REAL ESTATE—Where it is shown that an intestate prior to her death intended to convey certain property, but that by a mistake the description only contained a portion of the property which she intended to convey, the deed to be delivered at her death, may such deed be reformed in accordance with the intention of the deceased?

J. Park Lyon et al, heirs of Augusta McClintock brought this action originally in the Licking Common Pleas for partition of a certain property owned by the deceased who died testate. James Balthes and Ida Sawyer, brother and sister of the deceased filed a cross petition seeking reformation of a deed to include a deed to them so that said deed might include the property which is sought to be partitioned.

It appears that Augusta McClintock, deceased, owned a business property on the main street of the village of Hebron with a frontage of 37 feet and 7 inches, which property was conveyed to the deceased by two deeds from her mother. The property consisted of a building which included two store rooms with a stairway between, the second story consisting of apartments for residential use. Prior to her death McClintock delivered to a notary a certain deed without making any examination thereof in order that the notary might prepare a deed conveying the property to Balthes and Sawyer. The notary made no examination of the deed and his stenographer made a copy of the description in a deed conveying the property to Balthes and Sawyer which deed was executed without being read and delivered to the Notary with instructions to hold it until McClintock's decease at which time the notary was to deliver the deed to Balthes and Sawyer. The deed was delivered in accordance with these instructions and properly filed for record and at a later date the grantees in this deed upon preparing to sell the property discovered that the deed actually conveyed only 15 feet of the 37 feet. By the cross petition it was sought to reform the deed to include the 23 feet which was omitted by mistake. The decree of the Common Pleas refusing reformation and granting partition was affirmed by the Appeals.

Sawyer and Balthes in the Supreme Court contend:

1. That the mistake was made by the notary.

2. That as a matter of law equity should reform the deed even though the mistake was made by only one party.

Attorneys—Fitzgibbon, Montgomery & Black, Newark, for Pltf.; F. E. Slabaugh, Newark, for Deft.